AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

ORGINAL

E-FILED
Friday, 18 May, 2007 10:07:59 AM
Clerk, U.S. District Court, ILCD

07-1124

| UNITED STATES DISTRICT COURT | District | |
|---|---|---|
| Name of Movant: Kenneth A. Lee | Prisoner No. 13015-026 | Case No. 02-CR-10096 |

Place of Confinement: Federal Correctional Institution, P.O. Box 5000, Pekin, Illinois.

UNITED STATES OF AMERICA    V.    KENNETH A. LEE
(name under which convicted)

FILED
MAY 1 7 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court, Central District of Illinois, Peoria Division, Judge Michael M. Mihm

2. Date of judgment of conviction: November 25, 2003

3. Length of sentence: 262 months

4. Nature of offense involved (all counts): Title 21 U.S.C. §841, possession with intent to deliver a controlled substance (crack cocaine).

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court ___Seventh Circuit Court of Appeals___

   (b) Result ___Limited remand under Paldino, 401 F.3d 471___

   (c) Date of result ___June 28, 2005. Final Order entered on March 7, 2006.___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒   **No Certiorari filed. One year for filing 2255 motion extended by 90 days up to June 6th 2007.**

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___N/A___

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court ___N/A___

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐     No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐     No ☐
    (2) Second petition, etc.    Yes ☐     No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:    <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: On limited Remand under Paldino 401 F.3d 471, it was abuse of discretion and unreasonable for district court to refuse to consider inequity of harsher sentence for crack cocaine versus powder cocaine.

Supporting FACTS (state *briefly* without citing cases or law)

In light of United States v. Booker 543 U.S. 220, that the Sentencing Guidelines are advisory, the Seventh Circuit Court of Appeals pursuant to Paldino, 401 F.3d 471, ordered a limited remand of Lee's case so the district court could determine if ----------

**(See continuation of supporting facts on following additional sheets)**

B. Ground two: United States v. Paldino, 401 F.3d 471 is unconstitutional.

Supporting FACTS (state *briefly* without citing cases or law)   Under Paldino when the Court of appeals remands back to the district court for a limited remand the court of appeals looses jurisdiction and can no longer resume its jurisdiction to hear the results of the limited remand. In affirming the district courts judgment from Paldino limited remand the Seventh Circuit Court of Appeals was without jurisdiction to do so.

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

(5)

**CONTINUATION OF SUPPORTING FACTS FOR GROUND ONE:**

under an advisory application of the Sentencing Guidelines the court would have imposed the same sentence.

Counsel for Lee filed a brief requesting the district court to address the "inequity" of Lee's much harsher sentence for crack cocaine versus powder cocaine. In denying counsel's request the court stated "This court chooses not to use this limited remand as a vehicle for addressing the claimed inequity. The defendant was fully aware that he was in the business of selling crack cocaine". (See Exhibit A, Order denying re-sentencing, page 2 ).

Pursuant to the holdings of Booker, 543 U.S. 220, and the provisions 18 U.S.C. §3553(a) it was an abuse of discretion and unreasonable for the district court to refuse to consider the inequity of Lee's sentence based on the 100 to 1 ratio of crack cocaine versus powder cocaine on a Booker remand.

### UNITED STATES v. BOOKER

The Booker court explicitly stated "As by now should be clear [a] mandatory system is no longer an open choice" Id. at 263, also noting "that district courts are not bound to apply the Guidelines". Id. at 264.

### UNITED STATES SENTENCING COMMISSION

The U.S. Sentencing Commission has consistently held that the 100 to 1 crack - powder drug quantity ratio undermines congressional objectives and concluded that current federal

(6)

crack sentences are "unjustifiable" and **presumptively unreasonable** in light of the provisions of 18 U.S.C. §3553(a).

In two case's presently pending before the United States Supreme Court one of the issues is whether federal sentencing judges may rely on the U.S. Sentencing Commission's criticisms of the 100 to 1 ratio unreasonableness as a basis for exercising thier discretion granted in <u>Booker</u> to impose a sentence outside of the guidelines range of 100 to 1 ratio in a crack cocaine case such as Lee's.

Additionally on May 1, 2007, the U.S. Sentencing Commission sent to Congress Amendment changes to the Federal crack cocaine penalties. The amendment affects 78% of defendant's such -such as Lee - who are convicted of crack cocaine offenses reducing thier sentences by an average of 18 months. If Congress takes no action the Amendment will become effective on November 1, 2007. Under the new Amendment Lee's offense level based on crack cocaine would be reduced from level 32 to level 30.

In light of the district court's refusal to consider the inequity of the crack - powder 100 to 1 ratio on a limited <u>Booker</u> remand and the requirements of 18 U.S.C. §3553(a), Lee's sentence is **unreasonable.** Regardless of what the district court would have decided it's refusal to consider the inequity claim was an abuse of discretion and unreasonable. By refusing to consider the inequity claim the court applied the Sentencing Guidelines on crack cocaine in a "mandatory manner" and violated Lee's constitutional rights to due process under the 5th amendment.

(7)

Wherefore Lee respectfully moves the court to vacate his sentence and apply the Sentencing Guidelines in an advisory manner by conducting a hearing and considering his inequity claim of the 100 to 1 ratio on crack cocaine versus powder cocaine. The holdings of <u>Booker</u> and provisions of 18 U.S.C. §3553(a) require that the court address the merits of Lee's inequity claim.

Respectfully submitted

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing _____

   _____

   (b) At arraignment and plea _____ Pro se _____

   _____

   (c) At trial _____ Pro Se _____

   _____

   (d) At sentencing _____ Pro Se _____

   _____

(9)

AO 243 (Rev. 5/85)

    (e) On appeal __Robert Handelman 77 West Washington, Suite 1717__
    __Chicago, Illinois. 60602.__

    (f) In any post-conviction proceeding _____ Pro se _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    N/A

    (b) Give date and length of the above sentence: __N/A__

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐   N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

This motion qualifies as an affidavit under 28 USC §1746.
I declare under penalty of perjury that the foregoing is true and correct. Executed on

__May 14, 2007__
(date)

_____
*Kenneth Lee*
Signature of Movant

(10)

E-FILED
Tuesday, 21 February, 2006 02:08:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-10096 |
| ) | |
| KENNETH A. LEE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This case was sent back to this court on limited remand of Lee's sentence in accordance with United States v. Paladino, 401 F. 3d 471(7th Cir. 2005).

After receiving the Remand, the court studied the presentence report and received briefs from counsel as to whether the court should ask to have the case returned here for a new sentencing hearing. On January 12, 2006, the court held oral argument by phone conference.

The court believes that the sentence imposed at the original hearing was the correct one, and that a full Remand would serve no useful purpose.

On August 7, 2003, a jury found Lee guilty of knowingly possessing more than five grams of a mixture and substance containing cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B).

The Defendant was sentenced by the court on November 25, 2003, to a sentence of 262 months of imprisonment (the bottom of the Guideline range), four years of supervised release, and a special assessment of $100.

The range was so high to reflect the large amount of crack cocaine involved (500 grams to 1.5 kilograms), an upward adjustment for obstruction of justice for testifying falsely during a

EXHIBIT A
4 pages

pretrial suppression hearing, and a criminal history category of VI (Career Criminal) because of three prior convictions for armed robbery, two of which convictions specifically involved the threatened use of a firearm.

Lee's attorney makes three main points in pursuit of a full remand for re-sentencing:

1) The court should use this opportunity to address the inequity of much harsher sentences for crack cocaine to powder cocaine. The court is fully aware of the controversy over the 100:1 ration between crack cocaine and powder. The court chooses not to use this limited remand as a vehicle for addressing the claimed inequity. The Defendant was fully aware that he was in the business of selling crack cocaine.

2) The Defendant suffers from a progressive and irreversible neurological condition (Roussy Levy Syndrome, also known as Charcot-Marie-Tooth Disease). This disease is a rare genetic neuromuscular disorder characterized by lack of coordination; poor control of movements; and absence of reflexes in the lower legs, and eventually the hands. The Defendant was diagnosed with this condition at the age of three, and has had several surgeries as a result of this condition.

The court is well aware of the serious nature of Defendant's medical condition. However, the court believes that there is a strong chance that Defendant will engage in further criminal conduct once he is released from prison, in spite of his degenerating condition.

3) Defense counsel argues that the present sentence deprives Defendant of "Hope" because of the length of the imprisonment. The court is aware of the length of the sentence, and sadly concludes that, in spite of the length, it is the correct sentence.

As for the sentencing factors contained in 18 U.S.C. §3553, the court finds as follows:

1) The nature and circumstances of the offense are serious because of the significant

amount of crack cocaine involved, plus the fact that he was apparently in the business of selling crack from his home. This was not an isolated criminal act. His history and characteristics indicate that he is apparently indifferent to the danger his conduct poses for the community. His three prior armed robberies all involved significant risk of harm or death. Also, he testified falsely at the Motion to Suppress hearing. See 18 U.S.C. §3553(a)(1).

2) Under all the circumstances, a sentence of less than 262 months would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. See id. at §3553(a)(2)(A).

3) A sentence of less than 262 months would arguably afford adequate deterrence to criminal conduct. See id. at §3553(a)(2)(B).

4) A sentence of less than 262 months would not protect the public from further crimes of the Defendant. Defendant committed this crime while on parole from the prison sentence he had served for the three armed robberies. Having observed him during the pretrial and trial process, the court believes that there is a strong likelihood that, if not adequately punished now, he will continue his criminal behavior once he is released. See id. at §3553(a)(2)(c).

Defense counsel argues that the court need not sentence him as a Career Offender. The court believes that the Defendant has properly been described as a Career Offender.

Defendant's medical condition would make a difference in this Remand context if the court believed that, because of his ill health, he would avoid further criminal behavior. Unfortunately, the court believes to the contrary.

None of the other provisions of §3553 have any special significance in this case. The court finds that 262 months is the sentence which if sufficient but not greater than necessary to comply with all of the sentencing factors set out in §3553. For all the reasons stated above, the

court chooses not to re-sentence the Defendant and returns this case to the Court of Appeals.

Entered this 21st day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
U.S. District Judge
