UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| KENNETH A. LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 07-1124 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

GOVERNMENT'S RESPONSE TO
PETITION PURSUANT TO 28 U.S.C. § 2255

Now comes the United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and K. Tate Chambers, Assistant United States Attorney, and in response to the petitioner's Motion to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. §2255 in the above-styled matter, objects to the same and in support of its objection states as follows.

1. On August 7, 2003, a jury found the petitioner guilty of possessing more than 5 grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) in Case No. 02-CR-10096.

2. On November 25, 2003, this Court sentenced him to 262 months imprisonment to be followed by 4 years supervised release.

3. The petitioner appealed his conviction and his sentence.  The Court of


Appeals affirmed the conviction and remanded the sentence back to this Court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) for this Court to determine if would impose the same sentence under an advisory guideline structure.

4. On February 21, 2006, this Court entered an detailed order addressing the various sentencing factors under 18 U.S.C. § 3553, stating that it choose not to re-sentence the petitioner to a different sentence and returning the case to the Court of Appeals.

5. On March 7, 2006, the Court of Appeals entered an order affirming the petitioner's sentence. On March 27, 2006, the petitioner filed a motion asking to file instanter a petition for rehearing. On May 8, 2006, that motion was denied. On May 30, 2006, the petitioner filed a *pro se* motion asking to file a writ of certiorari. On June 9, 2006, that motion was denied.

6. On May 17, 2007, the petitioner filed an untimely petition pursuant to 18 U.S.C. § 2255. *See Robinson v. United States*, 416 F.3d 645 (7th Cir. 2005). On May 21, 2007, this Court ordered the government to respond to the substantive arguments in the petition.

7. The petitioner raises two arguments in his petition. First, he argues that the district court's refusal to address the disparity of sentences between crack and powder cocaine on the *Paladino* remand resulted in an unreasonable sentence. Second, he argues that when the Court of Appeals remanded the sentencing issue back to this Court, it lost jurisdiction to later affirm this Court's decision to not change it's sentence

of the petitioner. The petitioner failed to raise either of these arguments in the Court of Appeals and consequently they are waived. *See Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996). Both arguments also fail on their merits.

8. On remand the petitioner argues that this Court should have used the *Paladino* remand to address the inequity between crack and powder cocaine sentences. This Court responded,

> The court is fully aware of the controversy over the 100:1 ratio between crack cocaine and powder. The court chooses not to use this limited remand as a vehicle for addressing the claimed inequity. The Defendant was fully aware that he was in the business of selling crack cocaine.

The petitioner claims that this Court's refusal to consider the disparity resulted in an unreasonable sentence. He cites no authority for his position other than the proposed changes by the Sentencing Commission to reduce in some degree the difference between guideline sentences for crack and powder cocaine.

As the Court of Appeals in this circuit has stated numerous times, a district court judge is obliged to implement the 100 - to - 1 ratio as long as it remains part of the statute and the Guidelines. See *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006). A defendant is not entitled to a deviation from the statutory ratio. *Id. See also, United States v. Romero*, 469 F.3d 1139,1153 (7th Cir. 2006). As the court in *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006) explained, after the district court applies the 100 - to -1 ratio and determines the appropriate guideline range, "it then must determine, by an examination of all of the facts and circumstances of the case in light of the criteria set

forth in 18 U.S.C. Section 3553, an appropriate sentence for the individual defendant." That is exactly what this Court did here.

This Court carefully considered the 18 U.S.C. § 3553 factors when it determined that it would not change the sentence it gave the petitioner after the guideline scheme was made advisory instead of mandatory. The Court addressed petitioner's claim about the disparity between crack and powder cocaine and choose not to change its sentence. The sentence the petitioner received was not unreasonable.

9. Petitioner's second argument on remand is that the Court of Appeals lost jurisdiction when it issued a limited remand to this Court pursuant to *Paladino*. The petitioner makes no argument and cites no authority for his position. Consequently, for that reason alone it should fail. Bald claims unsupported by either authority or argument cannot prevail. *See United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000). Furthermore, the petitioner's position mischaracterizes what happens during a *Paladino* remand. The remand pursuant to *Paladino* is a limited remand. The Court of Appeals does not relinquish appellate jurisdiction. It is simply asking the district court to answer whether it would have given the same sentence if the guidelines had been advisory at the time of the original sentence. The Court of Appeals never relinquishes appellate jurisdiction in the process. *See United States v. Paladino*, 401 F.3d 471, 484-488 (7th Cir. 2005).

WHEREFORE, for all of the reasons stated above the government respectfully requests that this Honorable Court deny the Petitioner's petition pursuant to 28 U.S.C. § 2255.

<div style="text-align:right">

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney

</div>

Office of the United States Attorney
One Technology Plaza - Suite 400
211 Fulton Street
Peoria, Illinois 61602
Telephone: 309/671-7050

**CERTIFICATE OF SERVICE**

It is hereby certified that on June 11, 2007, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below. Service is also made on this date by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

**Kenneth Lee**
Reg. No. 13015-026
FCI Pekin
P.O. Box 5000
Pekin, IL 61550


 s/: Kim Ritthaler
Legal Assistant