UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH A. LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-1124 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is now before the Court on Petitioner, Kenneth Lee's ("Lee"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Lee' § 2255 Motion [#1] is DENIED.

**BACKGROUND**

Following a jury trial in August 2003, Lee was found guilty of possession of more than 5 grams of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced to 262 months' imprisonment followed by 4 years of supervised release. Lee pursued a direct appeal to the Seventh Circuit, and the matter was remanded pursuant to United States v. Paladino 401 F.3d 471 (7th Cir. 2005). On remand, the Court found that Lee should not be resentenced under the advisory guideline structure. The Court of Appeals affirmed the conviction and sentence on March 7, 2006. It is unclear whether or not Lee pursued a Petition for Writ of Certiorari to the United States Supreme Court.

Lee now brings this § 2255 motion in which he raises essentially two claims of error: (1) on remand, the Court abused its discretion by declining to consider the inequity of the sentencing disparity between powder and crack cocaine, and (2) the Seventh Circuit lacked

jurisdiction to affirm his conviction and sentence following the remand. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

Lee argues that, on remand, the Court abused its discretion by declining to consider the inequity of the sentencing disparity between powder and crack cocaine and that the

Seventh Circuit lacked jurisdiction to affirm his conviction and sentence following the remand. These are issues that could have been raised during his direct appeal to the Seventh Circuit, but were not.

> An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), *citing* Reed v. Farley, 512 U.S. 339, 114 S.Ct. 2291, 2300 (1994); Dawson v. United States, 77 F.3d 180, 183 (7th Cir.1996); McCleese, 75 F.3d at 1177-78.

Lee does not assert that he falls into the narrow "miscarriage of justice" exception. Nor does he make any attempt to establish cause for or prejudice from his failure to raise these claims on direct appeal. Accordingly, Lee is barred from pursuing these claims for the first time in his collateral attack.

Even assuming that these claims were not barred, Lee would still not be entitled to the relief sought. His assertion that it was error for the Court to decline to consider the disparity between sentences for crack cocaine and powder cocaine is without merit. At the time that this matter was before the Court on remand, the 100:1 ratio was part of the federal drug statutes and the Guidelines, and the Court was bound to apply it. United States v. Miller, 450 F.3d 270, 275 (7th Cir. 2006), *citing* United States v. Pho, 433 F.3d 53 (1st Cir. 2006); United States v. Eura, 440 F.3d 625 (4th Cir. 2006); United States v. Gipson, 425 F.3d 335 (7th Cir. 2005).[1]

---

[1] Parenthetically, the Court notes that the United States Sentencing Commission has now given retroactive effect to a recent amendment to the Federal Sentencing Guidelines that reduces penalties for crack cocaine offenses. Retroactivity of the crack cocaine amendment will become effective on March 3, 2008, at which time Lee may seek a reduction in sentence in his criminal case pursuant to

Lee's argument that the Seventh Circuit lost jurisdiction over his appeal when it issued the limited <u>Paladino</u> remand is similarly flawed. His bald, perfunctory argument is unsupported by pertinent authority and is therefore waived. <u>United States v. Berkowitz</u>, 927 F.2d 1376, 1384 (7th Cir.1991); *See, e.g.*, <u>United States v. Brown</u>, 899 F.2d 677, 679 n. 1 (7th Cir.1990); <u>United States v. Petitjean</u>, 883 F.2d 1341, 1349 (7th Cir.1989); <u>United States v. Williams</u>, 877 F.2d 516, 518-19 (7th Cir.1989).

Moreover, the Court of Appeals does not relinquish jurisdiction during the course of the remand but rather simply asks the district court to answer whether the sentence would have been the same under an advisory guideline structure. <u>Paladino</u>, 401 F.3d at 484-88. As jurisdiction is not relinquished, it cannot be "lost" in the manner contended by Lee.

## CONCLUSION

For the reasons set forth herein, Lee's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED. This matter is now terminated.

ENTERED this 31st day of January, 2008.

                              s/ Michael M. Mihm
                              Michael M. Mihm
                              United States District Judge

---

18 U.S.C. § 3582(c).